UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MALIBU MEDIA, LLC,                      :
   plaintiff,                          :
                                      :
v.                                      :   CASE NO. 3:17-cv-00277-AVC
                                        :
JOHN DOE,                               :
   defendant.                          :

**ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD PARTY
SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

     The plaintiff, Malibu Media LLC, alleges that the
defendant, John Doe, identified only by his IP address,
committed copyright infringement by distributing the plaintiff's
adult films using BitTorrent, a peer-to-peer file distribution
network.  The plaintiff moves pursuant to Fed R. Civ. P.
26(d)(1) for leave to serve a third-party subpoena on Doe's
internet service provider ("ISP") for the limited purpose of
discovering Doe's identity; only with Doe's identity will the
plaintiff be able to serve Doe with process and proceed with the
case.  For substantially the reasons set forth in the
plaintiff's motion and supporting documents, the court GRANTS
the motion, having concluded that the plaintiff has established
good cause for entry of this order.

     The plaintiff acknowledges the concerns raised by many
courts around the nation that, given the nature of the films
allegedly distributed by the defendants, they may feel coerced
to settle these suits merely to prevent public disclosure of the

1

defendants' identifying information.[1]  See, e.g., Malibu Media,
LLC v. Doe, 2015 WL 4092417 (S.D.N.Y.); Malibu Media, LLC v.
Doe, 2015 WL 1780965 (S.D.N.Y.); Malibu Media, LLC v. Doe, 2015
WL 4923114 (S.D.N.Y.).  This court shares these concerns.  This
order is therefore subject to the following conditions and
limitations:

1. The plaintiff may subpoena the defendant's ISP only
   to obtain the defendant's name and address, **but not
   the defendant's e-mail or telephone number.**  The
   plaintiff may only use the defendant's name and
   address, if obtained by the defendant's ISP, for the
   purposes of this litigation; the plaintiff is
   ordered not to disclose the defendant's name or
   address, or any other identifying information other
   than the defendant's ISP number, that the plaintiff
   may subsequently learn.  The plaintiff shall not
   threaten to disclose any of the defendant's
   identifying information.  The defendant will be
   permitted to litigate this case anonymously unless
   and until this court orders otherwise and only after
   the defendant has had an opportunity to challenge
   the disclosure.  Therefore, the plaintiff is ordered
   not to publicly file any of the defendant's
   identifying information and to file all documents
   containing the defendant's identifying information
   under seal.

2. The plaintiff may immediately serve a Rule 45
   subpoena on the defendant's ISP to obtain the
   defendant's name and current and permanent address.
   The plaintiff is expressly not permitted to subpoena
   the ISP for the defendant's e-mail addresses or
   telephone numbers.  The plaintiff shall serve the
   defendant's ISP with a copy of the complaint, this
   order, and the subpoena.

3. After having been served with the subpoena, the
   ISP will delay producing to the plaintiff the

---

[1] The plaintiff consents to conditions in this order prohibiting it from
initiating a settlement with the defendant prior to serving him with the
complaint, as well as an order allowing the defendant to proceed anonymously.

subpoenaed information until after it has provided
the defendant John Doe with:

    a. Notice that this suit has been filed naming
       the defendant as the one that allegedly
       downloaded copyright protected work;

    b. A copy of the subpoena, the complaint filed in
       this lawsuit, and this order;

    and

    c. Notice that the ISP will comply with the
       subpoena and produce to the plaintiff the
       information sought in the subpoena unless,
       within 60 days of service of the subpoena on
       the defendant by the ISP, the defendant files a
       motion to quash the subpoena or for other
       appropriate relief in this court.  If a timely
       motion to quash is filed, the ISP shall not
       produce the subpoenaed information until the
       court acts on the motion.

4. The defendant's ISP will have 60 days from the date
   of service of the Rule 45 subpoena upon it to serve
   the defendant John Doe with a copy of the
   complaint, this order, and the subpoena.  The ISP
   may serve the defendant John Doe using any
   reasonable means, including written notice sent to
   his or her last known address, transmitted either
   by first class mail or via overnight service.

5. The defendant John Doe shall have 60 days from the
   date of service of the Rule 45 subpoena and this
   order upon him to file any motions with this court
   contesting the subpoena (including a motion to
   quash or modify the subpoena), as well as any
   request to litigate the subpoena anonymously.  The
   ISP may not turn over the identifying information
   of the defendant to the plaintiff before the
   expiration of this 60-day period.  Additionally,
   if the defendant or the ISP files a motion to
   quash or modify the subpoena, or a request to
   litigate the subpoena anonymously, the ISP may not
   turn over any information to the plaintiff until
   the issues have been addressed and the court
   issues an order instructing the ISP to resume
   turning over the requested discovery.

6. The defendant's ISP shall preserve any subpoenaed
   information pending the resolution of any timely
   filed motion to quash.

7. The defendant's ISP shall confer with the
   plaintiff and shall not assess any charge in
   advance of providing the information requested in
   the subpoena.  If the defendant's ISP receives a
   subpoena and elects to charge for the costs of
   production, it shall provide a billing summary
   and cost report to the plaintiff.

8. Any information ultimately disclosed to the
   plaintiff in response to a Rule 45 subpoena may be
   used by the plaintiff solely for the purpose of
   protecting the plaintiff's rights as set forth in
   its complaint.

It is so ordered this 22nd day of March 2017, at

Hartford, Connecticut.

                         _____/s/_____
                         Alfred V. Covello,
                         United States District Judge